IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BARRY E. SHELLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civ. No. 04-01 Johnstown |
| | ) | Magistrate Judge Pesto |
| TIMOTHY MAPES, Warden, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter has been referred to United States Magistrate Judge Keith A. Pesto in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge filed a Report and Recommendation (Doc. 43) on August 27, 2008, in which he recommended that Defendant Timothy Mapes' Motion for Summary Judgment (Doc. 21) be granted in part and denied in part. The parties were allowed ten days from the date of service to file objections. Service was made on plaintiff by certified mail at SCI-Houtzdale, where he is incarcerated, and on Defendant. Plaintiff Barry Shelley timely filed an objection (Doc. 44), objecting that the Magistrate Judge erred in granting summary judgment in favor of Defendant on Plaintiff's claim that Defendant was deliberately indifferent to his serious dental needs.

In the August 27, 2008 Report and Recommendation (Doc. 43), the Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to his serious medical need for dental care, and that Defendant's motion for summary judgment be denied as to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to the threat that a fellow inmate would assault him.

We see no error with the Magistrate Judge's recommendation that summary judgment should be granted in favor of Plaintiff's deliberate indifference claim based on a serious medical need. Accordingly, we will deny Plaintiff's objections. We also see no error with the Magistrate Judge's recommendation that summary judgment should be denied in favor of Plaintiff's deliberate indifference claim based on the threat of assault by a fellow inmate, however, we address this issue to further explain our reasoning for denying Defendant's motion.

The Magistrate Judge found that a genuine issue of material fact exists with regard to Plaintiff's claim that Defendant Timothy Mapes was deliberately indifferent to the threat of assault by a fellow inmate. The record evidence showed that Mr. Shelley was assaulted by a fellow inmate named Richard McKee in May, 2002. Mr. Shelley testified that McKee was known to be dangerous and had in fact assaulted at least one other inmate in the past. According to Mr. Shelley, McKee had also assaulted several other inmates before he assaulted Mr. Shelley. After assaulting Mr. Shelley, McKee was disciplined with 10 days of restrictive confinement. After he was brought back into the general population he assaulted another inmate.

2

Viewing Mr. Shelley's claim in a light most favorable to him he alleges that Mr. Mapes was aware that McKee had a history of assault, that Mr. Mapes was aware that McKee had assaulted other inmates despite being disciplined, that Mr. Mapes was aware that the discipline imposed on McKee was in fact not effective, and thus Mr. Mapes was indifferent to the threat that McKee posed to other inmates.

To succeed on a motion for summary judgment on this claim Mr. Mapes was required to come forth with sufficient record evidence to show that there was no genuine issue of material fact. Mr. Mapes evidence included his testimony that there was no specific history between Mckee and Mr. Shelley indicating that the two should not be housed together; that prior to the assault on Mr. Shelley, McKee was disciplined for unnamed conduct; that Mr. McKee's history "may have included assault;" and there was no reason to believe that Mr. McKee would not respond to discipline because in the past Mr. McKee had responded to discipline.

Mr. Mapes evidence falls short in that he did not address, with record evidence, Mr. Shelley's claim that McKee had assaulted other inmates in the past. The failure to either admit or deny that McKee had assaulted other inmates in the past presents a genuine issue of material fact. Mr. Mapes evidence also fell short by failing to specifically state what conduct McKee was disciplined for in the past, and specifically how the discipline proved effective. The failure to specifically address the substance of the discipline imposed on McKee also presents a genuine issue of material fact.

There may be evidence that McKee had not assaulted other inmates in the past and/or evidence that he was disciplined for non-assaultive behavior, but none was presented to the

3

Court. In contrast, the evidence may be, as suggested by the Magistrate Judge, that McKee did assault inmates in the past and that Mr. Mapes was indifferent as to whether the discipline imposed would be effective. Assuming that record evidence to address the issues set forth above is not developed at trial, the resolution of this issue will depend largely on the factfinder's determination of credibility. More probable, however, is that testimony and documentary evidence will be introduced at trial regarding whether McKee did or did not assault other inmates in the past, what discipline he received, and whether it was effective.

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). We accept the Report and Recommendation, filed on August 27. 2008, recommending that Defendant's Motion for Summary Judgment be granted with regard to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to his serious medical need for dental care. We will adopt the Report and Recommendation as to this issue as the Opinion of this Court.

We also accept the Report and Recommendation, filed on August 27, 2008, recommending that Defendant's Motion for Summary Judgment be denied with regard to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to the threat that a fellow inmate would assault him. We will adopt the Report and Recommendation as to this issue as the Opinion of this Court, along with our reasoning stated herein.

Finally, the parties will be ordered to indicate whether they consent to trial before Magistrate Judge Pesto no later than October 9, 2008. As indicated in the Report and

4

Recommendation, Judge Pesto will set a settlement conference in this matter should the parties elect to proceed to trial before the undersigned.

An appropriate Order follows.

Upon de novo review of the pleadings and documents in the case, together with the report and recommendation, the following Order is entered.

AND NOW, this 25th day of September, 2008, for the reasons set forth above and in the August 27, 2008 Report and Recommendation adopted by the Court, it is HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment (Doc. 21) be and hereby is GRANTED as to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to his serious medical need for dental care, and DENIED as to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to the threat that a fellow inmate would assault him.

Summary Judgment is granted in favor of Defendant and against Plaintiff as to Plaintiff's Eighth Amendment claim that Defendant was deliberately indifferent to his serious medical need for dental care.

The report and recommendation of Magistrate Judge Pesto, filed on August 27, 2008, (Doc. 43) is adopted as the Opinion of the Court, along with the reasons set forth herein.

IT IS FURTHER ORDERED that the parties shall file with the Court whether they consent to trial before the Magistrate Judge no later than October 9, 2008.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Barry E. Shelley, pro se
FL-5014
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

counsel of record