IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,
    Plaintiff,
v.
TIMOTHY MAPES, WARDEN,
SOMERSET COUNTY JAIL,
    Defendant

Case No. 3:04-cv-01-MBC-KAP

Order and Memorandum Report and Recommendation

I deny plaintiff's motion for appointment of counsel, docket no. 78, and recommend granting defendant's motion to enforce the settlement agreement, docket no. 76.

In the course of more than a decade I have presided over several civil complaints filed by plaintiff Shelley. His litigation conduct is marked by delays and failures to file timely pleadings. This matter appeared to contain a colorable claim and I appointed counsel to assist plaintiff in 2008. Plaintiff's counsel and defendant's counsel are to be commended for the effort they exerted to prepare for trial and to reach a settlement in April 2011. The terms of that settlement are accurately described by both counsel in docket no. 75 and docket no. 76: the plaintiff's disputed claims were to be dismissed without admission of liability for $5,000.00, the plaintiff retained the freedom to challenge his criminal conviction by filing a motion for a writ of *coram nobis*, and counsel would approach Somerset County about waiving the approximately $3,000.00 in plaintiff's outstanding costs and fines. After settlement was reached and Somerset County rejected the request, defendant's counsel achieved the benefit to plaintiff that

acceptance by Somerset County would have resulted in by increasing the settlement amount.

Meanwhile, Chief Judge Lancaster had administratively closed this matter in April 2011. In August 2013, plaintiff's counsel moved to withdraw and defendant's counsel moved to enforce the settlement agreement based on plaintiff's refusal to follow through with the execution of settlement documents. I granted the motion to withdraw and ordered plaintiff to file any opposition to the motion to enforce settlement by today. Last Friday, plaintiff filed a motion for appointment of counsel, representing without explanation or documentation that he was indigent.

Two years after all the terms of the settlement agreement were ready to be performed by defendant, and two years after even a post-settlement demand by plaintiff was offered to be satisfied by defendant, plaintiff does not explain what reason he has for opposing the settlement he agreed to and refusing defendant's post-settlement offer to satisfy the additional term he asked for.

Plaintiff's motion to appoint counsel is denied for lack of support for his claim of indigence (plaintiff was not disabled as of 2011 and when not in prison has lived at the same residence, believed to be his parents', for more than a decade) and for lack of merit. There is no reason to appoint counsel, and on this record it would be an abuse of the limited resources of the *pro*

*bono* panel available to other litigants to appoint counsel to plaintiff.

The defendant's motion to enforce settlement should be granted: defendant should be allowed to pay the settlement funds into the registry of the Court and all claims should be dismissed with prejudice. Treating defendant's post-settlement addition to the amount as a modification of the settlement agreement, the amount to be deposited should be $8420.42. To avoid unnecessary collateral litigation that would waste this Court's resources, if after the time to file a notice of appeal from the dismissal of this matter plaintiff seeks the deposited funds, the amount of the deposited funds representing the $3420.42 to be used to satisfy outstanding costs and fines should not be released to plaintiff but should be sent directly to the Somerset County Office of Costs and Fines.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to the recommendation portion of this filing.

DATE: 16 September 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Barry Shelley
364 Covered Bridge Road
Rockwood, PA 15557